IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH SHAW, | ) | |
|     Petitioner, | ) | Civil Action No. 17-253 Erie |
| | ) | |
| v. | ) | |
| | ) | Judge Susan Paradise Baxter |
| WARDEN FCI McKEAN, et al., | ) | |
|     Respondents. | ) | |

**MEMORANDUM**

Presently before the Court[1] is a petition for a writ of habeas corpus (ECF No. 4) filed by Keith Shaw ("Petitioner") pursuant to 28 U.S.C. § 2241. He is a federal prisoner who is currently confined at FCI McKean. In this habeas action, he challenges his future custody with the Pennsylvania Board of Probation and Parole (the "Board"), which has lodged a detainer with the Federal Bureau of Prisons (the "BOP"). For the reasons that follow, the petition is dismissed.

**I.**     **Relevant Background**

On February 19, 2002, Petitioner was sentenced in the Court of Common Pleas for Philadelphia County on counts of robbery, theft by unlawful taking, possession of instruments of crime, and simple assault. The Pennsylvania Department of Corrections (the "DOC") calculated his minimum sentence expiration date to be June 5, 2006, and his maximum sentence expiration date to be June 15, 2011. The Board paroled Petitioner in July 2006, and at that time he signed conditions governing parole that advised him, in relevant part, that:

> *If you are convicted of a crime committed while on parole/reparole,* the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the

---

[1] On September 14, 2018, the undersigned was sworn in as a United States District Judge. This action was reassigned to this Court's docket on September 18, 2018. (ECF No. 24).

1

sentence or sentences which you were serving when paroled/reparoled, *with no credit for time at liberty on parole*.

(ECF No. 18-2 at 17) (emphasis added).

As set forth above, Petitioner's maximum sentence date was set to expire on June 15, 2011. On March 16, 2011, three months before his sentenced expired, Petitioner was arrested by the Philadelphia Police Department and charged in state court with robbing a Cricket Phone Store, receiving stolen property, and related crimes. The following day, the Board lodged a warrant to commit and detain him. (ECF No. 18-2 at 24). The Board provided Petitioner, who was represented by counsel, with a notice that he was charged with violating terms of his parole and that he faced a detention hearing. Petitioner signed a waiver of the detention hearing and he was detained pending disposition of the new criminal charges. (ECF No. 18-2 at 26-27).

On June 13, 2011, a federal complaint was filed in the United States District Court for the Eastern District of Pennsylvania charging Petitioner with robbing the Cricket Phone Store. A writ was issued and he was transferred to the custody of the United States Marshal so that he could appear for prosecution in federal court. (ECF No. 18-2 at 34-36). That same month, the new state charges that had been filed against Petitioner for robbing the Cricket Phone Store were withdrawn because the federal authorities were proceeding against him for the same conduct.

Petitioner was subsequently convicted in federal court of robbery of the Cricket Phone Store and use of a firearm during a crime of violence. In December 2014, the federal district court sentenced him to a term of 144 months of incarceration. (ECF No. 18-2 at 51-55). After he was sentenced, Petitioner was transferred to the custody of the BOP and it designated him to FCI McKean, which is located within the territorial boundaries of this Court. In February 2015, the BOP notified the Board that Petitioner's

2

federal offense may amount to a possible violation of his parole and that, if it wished, the Board should place a detainer with it. (ECF No. 18-2 at 57).

According to the Board, as a result of Petitioner's federal charges, conviction, sentence, and current imprisonment, it may determine that he must serve some period of additional imprisonment in a state correctional institution as a convicted parole violator. Also, the Board and the DOC may recalculate his controlling maximum sentence date because of his federal conviction. For theses reasons, on November 5, 2015, the Board submitted to FCI McKean a Warrant for Petitioner and requested that it be lodged as a detainer for violation of parole. In accordance with it, the Board is to be notified approximately 60 days prior to Petitioner's release from federal custody so appropriate extradition arrangements can be made. (ECF No. 18-2 at 64). In response, the BOP informed the Board that the detainer had been filed with it and it advised the Board that Petitioner's tentative release date from his federal sentence is August 28, 2021. (ECF No. 18-2 at 66).

In a letter to the Board dated February 16, 2016, Petitioner requested that it remove his detainer because his original maximum sentence date was set to have expired on June 15, 2011. (ECF No. 18-2 at 68). In response, the Board advised Petitioner:

> Since you are serving a Federal sentence which is the result of an arrest that occurred while you were on parole, you are currently unavailable to the Board. The Board's detainer will remain in place to assure that you are available for return to a State Correctional Institution when you sentence is completed.

(ECF No. 18-2 at 71).

The following year, in February 2017, Petitioner filed with the Warden of FCI McKean an administrative remedy form in which he requested that the BOP remove the Board's detainer. (ECF No.

3

5-1 at 8). He invoked the Interstate Agreement on Detainers Act (the "IAD"), 18 U.S.C.App. 2, §§1-9.[2] In deny Petitioner's request, the Warden explained that the IAD "only applies to untried state charges[,]" and that "parole/probation violations" do not qualify. (ECF No. 5-1 at 10). Petitioner did not properly pursue further administrative review through the BOP appeal process. In August 2017, the BOP Central Office, which is the final step of administrative review, notified him that his appeal to it was rejected for numerous procedural deficiencies. (ECF No. 5-1 at 13).

Next, Petitioner filed his petition for a writ of habeas corpus with this Court (ECF No. 4) and brief in support (ECF No. 5). He claims that the Board erred in not complying with Pennsylvania's Parole Code, 61 Pa.Cons.Stat. § 6138(a)(5.1), which provides: "If the parolee is sentenced to serve a new term of total confinement by a Federal court or by a court of another jurisdiction because of a verdict or plea under paragraph (1), the parolee shall serve the balance of the original term before serving the new term."[3] As relief, Petitioner asks this Court to direct the Board to dismiss his parole violation charges and remove the detainer that it lodged against him. (ECF No. 4 at 8). The Board filed an answer (ECF Nos. 18) and the Petitioner filed a reply (ECF No. 21).[4]

---

[2] The IAD is an interstate compact entered into by 48 States (among them, Pennsylvania), the federal Government, and the District of Columbia. 18 U.S.C.App. 2, § 2; 42 Pa.C.S. § 9101. It creates uniform procedures for resolving one State's pending charges against an individual imprisoned by another State.

[3] Paragraph (1) of § 6138(a) provides: "A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator."

[4] The Warden of FCI McKean filed a separate answer. (ECF No. 9). Because in this case Petitioner is challenging the Board's decision to place the detainer on him, it is the Board's answer that is relevant.

4

## II.　　Discussion

The Board contends that the petition should be dismissed because Petitioner has available state-court remedies that he must exhaust before he seeks federal habeas relief.[5] It explains that the Petitioner can file an action in the Commonwealth Court of Pennsylvania and challenge a Board detainer lodged with the federal authorities. (ECF No. 18 at 9-10) (citing Bellochio v. Pennsylvania Bd. of Prob. and Parole, 559 A.2d 1024, 1026 (Pa. Commw. Ct. 1989) (to effectively remove a detainer, the petitioner must show that there is no reason for him to be returned to Board custody or that the detainer was illegally lodged)). In the alternative, and to the extent that the Petitioner claims that the Board lacks authority to detain him prior to conducting a parole revocation hearing, he is challenging the intermediary steps in the parole revocation process and can file a petition for a writ of habeas corpus in a Pennsylvania Court of Common Pleas. (Id. at 10) (citing Kester v. Pennsylvania Bd. of Prob. and Parole, 609 A.2d 622 (Pa. Commw. Ct. 1992)).

"The state court exhaustion requirement is mandated by statute under 28 U.S.C. § 2254(b) and has developed through decisional law in applying principles of comity and federalism as to claims brought under 28 U.S.C. §2241." Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986) (citing Braden v. 30th Judicial Cir. Ct., 410 U.S. 484, 490-91 (1973)); Moore v. DeYoung, 515 F.2d 437, 442 (3d Cir. 1975). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 842-49 (1999); Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir. 2005) ("Exhaustion addresses federalism and comity concerns by affording the state courts a meaningful opportunity to consider

---

[5] The Board does not argue that Petitioner's claim is procedurally defaulted.

5

allegations of legal error without interference from the federal judiciary.") (internal citations and quotations omitted). Petitioner carries the burden of proving exhaustion of all available state remedies. See, e.g., Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

Petitioner admits that he has not exhausted his state-court remedies. (ECF No. 21 at 3). He points out that he did complete at least some stages of the BOP's administrative appeal process, but that is not relevant here because he is challenging the Board's actions and its detainer. Therefore, he must exhaust his remedies in Pennsylvania state court before a federal court may review the merits of his claim in a habeas petition. The general rule is that a district court must dismiss a federal habeas petition if the petitioner can still exhaust his available state remedies. See, e.g., Rhines v. Weber, 544 U.S. 269, 273-79 (2005) (discussing the general rule as set forth in Rose v. Lundy, 455 U.S. 509 (1982) and the limited exception to it). That general rule applies here and, therefore, the petition is dismissed without prejudice to Petitioner filing another federal habeas petition in the event that he does not receive the relief he seeks in state court.

### III. Certificate of Appealability

This Court need not make a certificate of appealability determination because "[a] district court's order dismissing, without prejudice, a petition for federal habeas relief for failure to exhaust state-court remedies is not a final appealable order, since it explicitly entitles the petitioner to renew habeas proceedings upon completion of review of his claims in the state court system." BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 12:30, WestlawNext (database updated June 2018) (citations omitted). See also Gacho v. Butler, 792 F.3d 732, 735-37 (7th Cir. 2015). If a certificate of appealability determination is required, the Court concludes that Petitioner is not entitled to one since jurists of reason

would not find it debatable whether the petition should be dismissed. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

And appropriate Order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge